# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RAY HOWARD, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>CALTLIN LOCKERBIE, CALTLIN LOCKERBIE'S ATTORNEY, MEMPHIS POLICE DEPARTMENT, and PUBLIC DEFENDER MARK ALSTON,<br><br>    Defendants. | No. 2:18-cv-02474-TLP-tmp |

## ORDER TO MODIFY THE DOCKET, DISMISSING COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Plaintiff Ray Howard, Jr., an inmate at the Shelby County Jail in Memphis, Tennessee, sues pro se under 42 U.S.C. § 1983 seeking money damages. (ECF No. 1.) The Court granted Plaintiff leave to proceed in forma pauperis under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 10.) The Court ORDERS the Clerk to record the Defendants as Caitlin Lockerbie,[1] the Memphis Police Department ("MPD"), and Mark Alston.[2]

---

[1] Plaintiff incorrectly spelled Ms. Lockerbie's name in his complaint, so the Court lists the correct spelling here.

[2] Plaintiff also seeks to sue "Caitlin Lockerbie's Attorney" in his complaint. Service of process cannot be made on an unknown or fictitious party. The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is DIRECTED to terminate the reference to "Caitlin Lockerbie's Attorney" on the docket.

## BACKGROUND

Plaintiff's complaint suggests an infatuation gone too far. Defendant Caitlin Lockerbie is a morning news anchor in Memphis. (ECF No. 1 at PageID 2.) Plaintiff alleges he was trying to ask Ms. Lockerbie out for a date. (*Id.* at PageID 3.) Instead the authorities arrested him for aggravated stalking and harassment, for which he allegedly faced a possible six-year sentence. (*Id.*) Plaintiff alleges that Lockerbie's attorney, the MPD, and his attorney, public defender, Defendant Mark Alston, are in cahoots to frame Plaintiff as a criminal. (*Id.* at PageID 2.) Plaintiff seeks $2.2 million in money damages. (*Id.*) He also asks the Court "to Free me From Jail . . . and Take away this Aggravated Stalking and other Bad Things and the 6 year Jail Sentencing [sic]." (*Id.* at PageID 3.)

## LEGAL STANDARDS

### I. Screening Requirements Under 28 U.S.C. § 1915A

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and

then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. And Federal Rule of Civil Procedure 8 provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will give slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II. Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sued here under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.

3

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For his complaint to succeed, Plaintiff must satisfy these requirements.

## ANALYSIS

### I. Plaintiff Cannot Sue Private Parties Under § 1983

Not all individuals are subject to liability under § 1983.  For instance, a plaintiff suing under § 1983 may not sue purely private parties who do not act under color of state law. *See Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).  "In order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231–32 (6th Cir. 1997).  Defendant Lockerbie is a local news anchor. Plaintiff does not allege any basis to conclude that her actions are attributable to the state.  That she works and presumably lives in Tennessee does not transform her into a state actor.  Plaintiff therefore cannot sue Ms. Lockerbie under § 1983.

Nor can Plaintiff sue his attorney, Defendant Alston, under § 1983.  Though attorneys employed as public defenders are paid by the State, "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Powers v. Hamilton Cty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).  Plaintiff does not allege any basis to hold Mr. Alston's actions attributable to the state.  And so Plaintiff also cannot sue Mr. Alson under § 1983.

### II. Plaintiff Fails to State a Claim Against the Memphis Police Department

Plaintiff also seeks to sue the MPD.  The MPD, however, is not subject to suit under § 1983 because it is merely an arm of a municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049

(6th Cir. 1994). Rather, the proper defendant is the City of Memphis. *Id*. So the Court construes Plaintiff's claims against the MPD as against the City of Memphis.

A municipality, such as a city, may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell v. Dep't. of Soc. Serv*., 436 U.S. 658, 691–92 (1978); *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Plaintiff's claim fails at the first element. He does not identify any policy or custom of the City of Memphis that caused a violation of his constitutional rights. Plaintiff therefore fails to state a claim against the City of Memphis or the MPD.

### III. The Court Cannot Intervene in Plaintiff's State Criminal Proceedings

Plaintiff's claims arise from his criminal case pending in state court when he filed his complaint. If Plaintiff asks this Court to intervene in his criminal proceeding, the Court cannot. As the Sixth Circuit has recognized, "federal courts should not entertain challenges to pending state court proceedings where intervention would improperly impinge on important state interests." *Watts v. Burkhart*, 854 F.2d 839, 844 (6th Cir. 1988) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)). Federal courts may intervene only "when absolutely necessary for protection of constitutional rights." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (quotation omitted). There must be "exceptional circumstances" showing the risk of "irreparable injury" that is "both great and immediate." *Id.* at 46 (quotation omitted).

5

Plaintiff does not allege any extraordinary circumstances that would permit the Court to intervene in his state criminal case. The Court must abstain from intervening in the proceedings in Shelby County.

If Plaintiff seeks a reprieve from a concluded state-court prosecution, he cannot bring that claim under § 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87. If his case has concluded, Plaintiff does not allege that his conviction has been reversed, expunged, or declared invalid. He therefore does not state a claim for relief.

For all the above reasons, Plaintiff's complaint fails to state a claim for relief and is dismissed.

## **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal

may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

Because Plaintiff cannot cure the deficiencies in his complaint, this Court finds that leave to amend is not warranted here.

## **APPELLATE ISSUES**

Under 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff here would be taken in good faith. The good-faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to decide that a complaint should be dismissed prior to service on the Defendants but has enough merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. As a result, this Court CERTIFIES, under 28 U.S.C. § 1915(a)(3), that any appeal here by Plaintiff would not be taken in good faith. So leave to proceed on appeal in forma pauperis is DENIED.

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b). The Court therefore instructs Plaintiff that, if he wishes to benefit from the installment procedures for paying the appellate filing fee,

7

he must comply with the procedures set out in the PLRA and *McGore* by updating his in forma pauperis affidavit and provide a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal in the Sixth Circuit. *See* Fed. R. App. P. 24(a)(5).

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## **CONCLUSION**

All in all, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). And leave to amend is DENIED. The Court also CERTIFIES that any appeal here would not be taken in good faith and DENIES Plaintiff leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 20th day of August, 2019.

                                               s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE